# BLUTHENTHAL & BICKART v. BIGBIE BROTHERS & COMPANY.

---

PATENTS; FORMER ADJUDICATION; TRADEMARKS.

1. The doctrine of *res judicata* applies to proceedings in the Patent Office in the same manner as in the courts. (Following *Blackford* v. *Wilder*, 28 App. D. C. 535; *Horine* v. *Wende*, 29 App. D. C. 415; *Re Edison*, 30 App. D. C. 321; *United States ex rel. Newcomb Motor Co.* v. *Moore*, 30 App. D. C. 464; and *Carroll* v. *Hallwood*, 31 App. D. C. 165.)

2. The plea of former adjudication to an opposition to an application for registration of a trademark is properly sustained by the Commissioner of Patents, where, in a previous interference proceeding between the opposer and applicant, decided in favor of the applicant, one of the questions raised in the opposition was determined, and the other question could have been determined, although it was not actually presented. (Citing *Bluthenthal* v. *Bigbie*, 30 App. D. C. 118, and following *Schuster Co.* v. *Muller*, 28 App. D. C. 409, and *Levy* v. *Uri*, 31 App. D. C. 441.)

No. 563.  Patent Appeals.  Submitted March 8, 1909.  Decided April 6, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                      *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.

Bigbie Brothers & Company applied for the registration of

"Old Velvet" as a trademark for whisky. The application was passed for publication, when Bluthenthal & Bickart filed an opposition thereto. Applicant met this opposition with a plea of former adjudication. The facts alleged in this plea and supported by the record of the proceedings referred to are substantially these: On April 4, 1905, Bluthenthal & Bickart applied for the registration of "Old Velvet" as a trademark for whisky. On April 17, 1905, Bigbie Brothers & Company filed an application for the registration of the same mark. After both applications had been passed for publication, an interference was declared between the parties, in which was included a third applicant. Testimony having been taken, the right to register was awarded to Bigbie Brothers & Company. The third party acquiesced in the final decision, but Bluthenthal & Bickart took an appeal to this court, which, on June 4, 1907, affirmed the decision of the Commissioner. (30 App. D. C. 118.) Before registration was had under said judgment, Bluthenthal & Bickart filed this opposition. The chief ground of this objection is, that Bluthenthal & Bickart and others had, for many years, used the said trademark within the knowledge of Bigbie Brothers & Company, who had never attempted to enforce any right of exclusive use, wherefore the former will be damaged by its registration by the latter. It is further alleged that the mark, as used by Bigbie Brothers & Company, is fraudulent and misleading, in that said company applies it to an article that is not whisky, but a spurious imitation of the same.

The plea of former adjudication was sustained, and from the final judgment dismissing its opposition, the Bluthenthal & Bickart corporation has appealed.


*Mr. Joseph L. Atkins* for the appellant.


*Mr. E. T. Fenwick* and *Mr. S. V. Kemp* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The Commissioner did not err in sustaining the plea of former adjudication and dismissing the opposition.

There must be an end of litigation in the Patent Office as well as elsewhere, and it is well settled that the doctrine of *res judicata* applies to proceedings therein in the same manner as in the courts. *Blackford* v. *Wilder,* 28 App. D. C. 535, 540; *Horine* v. *Wende,* 29 App. D. C. 415; *Re Edison,* 30 App. D. C. 321; *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464, 477; *Carroll* v. *Hallwood,* 31 App. D. C. 165.

The parties to the opposition being the same as in the interference proceeding, and the subject-matter being the same, the judgment in the former is conclusive as to every question that was or might have been presented and determined therein.

The first ground of the opposition was substantially presented and determined in the interference proceeding. *Bluthenthal* v. *Bigbie,* 30 App. D. C. 118. The second ground, as to fraudulent use of the trademark by Bigbie Brothers & Company could have been determined in the interference proceeding also, though it was not actually presented. *Schuster Co.* v. *Muller,* 28 App. D. C. 409, 414; *Levy* v. *Uri,* 31 App. D. C. 441, 443.

It is too late to raise that question now by a mere change in the form of the proceeding from interference to opposition. The decision will be affirmed. It is so ordered, and the clerk will certify this decision to the Commissioner of Patents, as the law requires.                              *Affirmed.*